# EXHIBIT  1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Terrence J. Coleman                                    172183
Pillsbury & Coleman, LLP
600 Montgomery St., Fl. 31, San Francisco, CA 94111
TELEPHONE NO: 415-433-8000        FAX NO: 415-433-4816
ATTORNEY FOR (Name): Plaintiff

**F I L E D**
Superior Court of California
County of San Francisco
**OCT 09 2014**
**CLERK OF THE COURT**
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME: Rose Magno, DDS v. Unum Group, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | CGC-14-542125 JUDGE: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☑ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): Four
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 9, 2014

Terrence J. Coleman
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.CalCourtForms.com        www.courtinfo.ca.gov

**EXHIBIT 1**

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil. harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

## EXHIBIT 1

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Unum Group; The Paul Revere Insurance Company; Dave
Jones as Commissioner of Insurance; and DOES 1-20,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Rose Magno, D.D.S.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: San Francisco Superior Court
*(El nombre y dirección de la corte es):*
400 McAllister Street
San Francisco, CA  94102

CASE NUMBER:
*(Número del Caso):* CGC 14-542125

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Terrence J. Coleman (SBN 172183)   Tel 415/433-8000
Pillsbury & Coleman, LLP, 600 Montgomery Street, 31st Floor
San Francisco                         CA   94111

DATE: OCT 09 2014          CLERK OF THE COURT       Clerk, by DE LA VEGA-NAVARRO, Rosa, Deputy
*(Fecha)*                  *(Secretaria)*                     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

CEB
www.ceb.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT 1**

16

1  Terrence J. Coleman    (State Bar No. 172183)
   Ryan H. Opgenorth     (State Bar No. 252273)
2  Daniel J. Veroff        State Bar No. 291492)
   PILLSBURY & COLEMAN, LLP
3  The Transamerica Pyramid
   600 Montgomery St., 31st Floor
4  San Francisco, California 94111
   Telephone: (415) 433-8000
5  Facsimile: (415) 433-4816
   Email: tcoleman@pillsburycoleman.com
6        ropgenorth@pillsburycoleman.com
         dveroff@pillsburycoleman.com
7
   Attorneys for Plaintiff,
8  ROSE MAGNO, D.D.S.

9

10                 SUPERIOR COURT OF CALIFORNIA

11                    COUNTY OF SAN FRANCISCO

12 ROSE MAGNO, D.D.S.              )   Case No. **CGC-14-542125**
                                   )
13           Plaintiff,            )   **COMPLAINT FOR BREACH OF**
                                   )   **CONTRACT; BREACH OF THE**
14 v.                             )   **COVENANT OF GOOD FAITH AND**
                                   )   **FAIR DEALING; and WRIT OF**
15 UNUM GROUP; THE PAUL REVERE LIFE )   **MANDAMUS**
   INSURANCE COMPANY; DAVE JONES AS )
16 COMMISSIONER OF INSURANCE; and  )   **DEMAND FOR JURY TRIAL**
   DOES 1-20, inclusive,          )
17                                 )
             Defendants.          )
18                                 )
   _____ )
19

20       Plaintiff alleges on information and belief as follows:

21       1.      Defendants UNUM GROUP and THE PAUL REVERE LIFE INSURANCE

22  COMPANY ("PAUL REVERE") were and are business entities authorized to transact business in the

23  State of California, including the marketing, sale and issuance of disability insurance.

24       2.      PAUL REVERE is now wholly owned and operated by Defendant UNUM GROUP and

25  has no employees.  PAUL REVERE and UNUM GROUP are collectively referred to hereafter as the

26  "UNUM Defendants."  The UNUM Defendants, in concert and as joint venturers, handled and

27  processed Plaintiff's claim for benefits as described below, and UNUM GROUP is the alter ego of

28  PAUL REVERE.  UNUM GROUP controlled, directed and/or supervised the activities of PAUL

                                   -1-
COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING; and WRIT OF MANDAMUS

F I L E D
Superior Court of California
County of San Francisco

OCT 09 2014

CLERK OF THE COURT
BY: _____
                Deputy Clerk

EXHIBIT 1
17

1 | REVERE. The UNUM Defendants, in concert and as joint venturers, handled and processed Plaintiff's

2 | claim for benefits as described below. In the case of *Chapman v. UnumProvident Corporation, et al.,*

3 | Marin County Superior Court, Case No. CV012323, a jury unanimously found UNUM GROUP (then

4 | called UnumProvident) to be the alter ego of PAUL REVERE, which issue was fully litigated on the

5 | merits and is now final such that the UNUM Defendants are now collaterally estopped from contesting

6 | the issue herein.

7 | 3.    Defendant UNUM GROUP owns and/or operates a number of insurance companies,

8 | including Defendant PAUL REVERE. None of the insurance companies employ their own employees.

9 | Instead, the claims processes of all the insurance companies are consolidated into a claims operation

10 | which is operated entirely by UNUM GROUP and by employees, all of whom are employed by UNUM

11 | GROUP.

12 | 4.    Claims employees and physicians are employed by UNUM GROUP and used among all

13 | insurers which are part of the UNUM GROUP empire and are owned either directly or indirectly by

14 | UNUM GROUP. Said physicians and employees are used to process claims for all such insurers

15 | without distinction, and the methods employed to handle claims among all insurers are coordinated by

16 | high level claims personnel and employed throughout the claims of all insurers under the UNUM

17 | GROUP umbrella.

18 | 5.    Correspondence regarding claims in general, and in connection with Plaintiff's claim,

19 | contains the letterhead of UNUM GROUP, rather than the individual insurance company.

20 | 6.    The methods and claims procedures, employees and consulting physicians are used in

21 | the same manner throughout the entire UNUM GROUP claims process without any material

22 | differences between insurers and are all supervised by the same high level UNUM GROUP claims

23 | personnel.

24 | 7.    Statistics are maintained and provided to high level UNUM GROUP claims personnel

25 | for all of the insurers within the UNUM GROUP empire, compared with each other and used to

26 | increase the profitability of the claims operation of each insurer at the expense of legitimate claims.

27 | 8.    The California Department of Insurance ("DOI") conducted an examination of UNUM

28 | GROUP's policies and procedures, and concluded that UNUM GROUP's practices and procedures

-2-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING; and WRIT OF MANDAMUS

EXHIBIT 1

18

1   constituted unfair business practices and that it operated its claims department in a manner wherein it

2   sought to find reasons to justify a denial of a claim rather than to conduct a full, fair and thorough

3   investigation of a claim.  On or about October 1, 2005, UNUM GROUP and the DOI entered into a

4   series of identical agreements with various UNUM GROUP insurers, including PAUL REVERE,

5   identified as the California Settlement Agreement ("CSA").  These agreements were approved,

6   authorized and ratified by UNUM GROUP and each of its participating insurers.  In the CSA, UNUM

7   GROUP and the companies within its empire agreed to change specific practices they knew to be

8   unfair, harmful to insureds and violative of their insureds' rights, but had been employed by UNUM

9   GROUP and its companies to support the denial of legitimate claims.

10       9.      It was the responsibility of UNUM GROUP and its claims personnel to implement the

11   changes agreed to under the CSA within and throughout UNUM GROUP and the insurers within its

12   empire, including PAUL REVERE.

13       10.     UNUM GROUP and its insurers paid lip service to these changes, but in reality has

14   refused to make all of the changes it agreed to make and has continued to deliberately operate its claims

15   department in a manner intended to create a basis to deny disability claims and to increase its profits at

16   the expense of insureds by continuing to deny their legitimate claims.  Many of the practices which

17   UNUM GROUP and its insurers agreed not to employ were, in fact, employed to deny Plaintiff's claim.

18       11.     Plaintiff is ignorant of the true names and capacities of the Defendants named herein as

19   Does 1 through 20, inclusive, and therefore sues these Defendants by said fictitious names.  Plaintiff

20   will amend this Complaint to allege their true names and capacities when they have been ascertained.

21       12.     At all material times herein, each Defendant was acting as individuals or as the agents

22   and employees of the remaining Defendants and in doing the things hereinafter alleged was acting

23   either individually or within the course and scope of said agency and with the permission and consent

24   of its principal.  The acts and conduct alleged herein of each said Defendant were known to,

25   authorized by, and/or ratified by the other Defendants.

26       13.     While employed as a dentist, Plaintiff purchased a disability insurance policy from the

27   UNUM Defendants, Policy No. 01027069480, referred to hereafter as "the Policy."  The Policy was

28   solicited, applied for, and issued and delivered in California.

-3-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING; and WRIT OF MANDAMUS

**EXHIBIT 1**

**19**

14.     At all material times hereto, Plaintiff was insured under the Policy, which obligates the UNUM Defendants to pay and provide monthly disability benefits in the event of a covered total and/or residual disability.

15.     The Policy purports to define "Total Disability" as follows:

"'Total Disability' means that because of Injury or Sickness: [¶] 1. You are unable to perform the important duties of Your regular occupation; and [¶] 2. You are receiving Physician's Care. We will waive this requirement if We receive written proof acceptable to Us that further Physician's Care would be of no benefit to You."

16.     The Policy purports to define "Residual Disability" as follows:

"'Residual Disability,' prior to the Commencement Date, means that due to Injury or Sickness which begins prior to the Rider End Date: [¶] a. (1) You are unable to perform one or more of the important duties of Your regular occupation; or [¶] (2) You are unable to perform the important duties of Your regular occupation for more than 80% of the time normally required to perform them; and [¶] b. You are receiving Physician's Care. We will waive this requirement if We receive written proof acceptable to Us that further Physician's Care would be of no benefit to You; and [¶] c. You are not Totally Disabled.

"As of the first Commencement Date to occur, Residual Disability means that due to the continuation of that Injury or Sickness: [¶] a. You incur a Loss of Earnings while You are engaged in Your Occupation or another occupation; and [¶] b. You are receiving Physician's Care. We will waive this requirement if We receive written proof acceptable to Us that further Physician's Care would be of no benefit to You; and [¶] c. You are not Totally Disabled."

17.     The Policy provides for payment of Total and/or Residual Disability benefits to Plaintiff's 67th birthday.

-4-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; and WRIT OF MANDAMUS

EXHIBIT 1

20

18. At all material times herein, Plaintiff complied with all the material provisions pertaining to the Policy. At all material times herein, the Policy was in full force and effect.

19. While said Policy was in full force and effect, and before Plaintiff's 67th birthday, Plaintiff became totally and/or residually disabled from the practice of dentistry as a result of, *inter alia*, cervical disc protrusions at C4/5 and C5/6 and thoracic outlet syndrome with marked compression of each subclavian vein on hyperabduction, and their related symptoms of upper extremity weakness, pain, numbness and fatigue. Plaintiff has been and remains totally and/or residually disabled.

20. Plaintiff provided notice of disability and claim to the UNUM Defendants and submitted completed claim forms for benefits.

21. For years, the UNUM Defendants accepted and approved Plaintiff's claim as a "Residual Disability" and paid benefits.

22. By letter dated November 8, 2012, however, the UNUM Defendants wrongfully terminated Plaintiff's benefits, wrongfully contending that, although it accepted that Plaintiff had severe degenerative disc disease, her disability was nevertheless not medically supported. Further, the UNUM Defendants claimed Plaintiff's financial records were insufficient to determine the requisite loss of earnings for calculation of further residual disability payments in spite of the fact that Plaintiff provided filed tax returns establishing the obvious loss of earnings supporting her entitlement to disability benefits. Plaintiff appealed the denial of her benefits, providing the UNUM Defendants overwhelming evidence substantiating her loss of earnings and her restrictions and limitations arising from her cervical disc disease and thoracic outlet syndrome. The UNUM Defendants failed to respond to Plaintiff in any reasonable fashion and instead upheld the denial of benefits in a letter dated May 23, 2013 that grossly mischaracterized the nature of its investigation and asserted new and unfounded reasons for maintaining its denial of benefits. Despite the fact that the UNUM Defendants are fully aware of the fact that Plaintiff has been and remains totally and/or residually disabled, the UNUM Defendants have refused to pay Plaintiff the disability benefits to which she is entitled.

23. As a result of the actions of Defendants, and each of them, Plaintiff has been denied

-5-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING; and WRIT OF MANDAMUS

EXHIBIT 1

21

1    disability benefits under the Policy to which she is entitled.

2       24.    As a result of the actions of Defendants, and each of them, Plaintiff has suffered
3 emotional distress and anxiety in an amount to be shown at trial. Further, as a result of the actions of
4 Defendants, and each of them, Plaintiff has suffered bodily injury and an exacerbation of her thoracic
5 outlet syndrome by forcing Plaintiff to continue to work in a limited capacity when she should not be
6 working as a dentist in light of the financial harm they have inflicted upon her.

7       25.    As a further result of the actions of Defendants, and each of them, Plaintiff has been
8 forced to engage the services of legal counsel for the purpose of obtaining her insurance benefits and
9 has suffered other consequential loss.

10       26.    At all material times herein, the UNUM Defendants and Does 1 through 10 have
11 engaged in conduct that was oppressive, fraudulent and malicious within the meaning of Civil Code
12 §3294, and said Defendants, and each of them, are liable for exemplary damages in an amount to be
13 shown at trial, including treble punitive damages pursuant to Civil Code §3345. Plaintiff is disabled
14 within the meaning of Civil Code §1761(g) and the UNUM Defendants and Does 1 through 10, and
15 each of them, knew or should have known that its conduct was directed to a disabled person within
16 the meaning of Civil Code §1761(g); Defendants' conduct caused Plaintiff to suffer loss of
17 replacement income and assets essential to her health and welfare; and Plaintiff was substantially
18 more vulnerable than other members of the public to Defendants' conduct due to poor health and
19 disability and actually suffered substantial physical, emotional, or economic damage resulting from
20 Defendants' conduct.

**FIRST CAUSE OF ACTION**

21

22 **Breach of Contract**
**(against the UNUM Defendants and Does 1 through 10)**

23

24       27.    Plaintiff realleges and incorporates by reference herein, Paragraphs 1 through 26 of this
25 Complaint as though fully set forth herein.

26       28.    At all material times herein, Defendants, and each of them, issued disability insurance
27 to Plaintiff as aforesaid.

28       29.    Plaintiff has complied with all material conditions required under the terms of the

-6-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING; and WRIT OF MANDAMUS

EXHIBIT 1

22

1    Policy.

2       30.    Plaintiff is disabled from her regular occupation as a dentist and Plaintiff is entitled to

3    total and/or residual disability benefits and other applicable benefits under the aforementioned Policy.

4    Defendants, and each of them, are estopped from asserting and have waived all contractual provisions,

5    if any, purporting to limit their obligations to provide benefits.

6       31.    At all material times herein, Defendants, and each of them, have failed and refused to

7    honor their Policy of insurance with Plaintiff and Defendants, and each of them, have refused to pay

8    benefits due under the Policy and are liable for breach of contract.

9       32.    As a proximate result of Defendants' actions, Plaintiff has been damaged as set forth in

10    Paragraphs 23 and 24 above.

### SECOND CAUSE OF ACTION

#### Breach of the Covenant of Good Faith and Fair Dealing
#### (against the UNUM Defendants and Does 1 through 10)

15       33.    Plaintiff realleges and incorporates by reference herein, Paragraphs 1 through 32 of this

16    Complaint as though fully set forth herein.

17       34.    At all material times herein, Defendants, and each of them, owed Plaintiff a duty of

18    good faith and fair dealing with respect to the payment of her insurance benefits and covenanted that

19    they would do nothing to impair Plaintiff's rights to receive the benefits of the insurance Policy.

20       35.    At all material times herein, Defendants, and each of them, violated their covenant of

21    good faith and fair dealing by, *inter alia*, the following:

22         A.    Consciously and unreasonably failing to investigate or evaluate Plaintiff's claim

23    fairly or in good faith, but, on the other hand, utilizing the information available to it in a manner

24    calculated to provide it with a wrongful but plausible sounding justification to deny benefits;

25         B.    Consciously and unreasonably setting out to create a plausible sounding basis

26    upon which to deny Plaintiff's claim and seeking to obtain information calculated to permit it to claim

27    that it had a plausible sounding basis upon which to deny Plaintiff's benefits;

28         C.    Consciously and unreasonably failing to thoroughly and fairly investigate all

-7-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING; and WRIT OF MANDAMUS

EXHIBIT 1

1   information reasonably available to it;

2         D.   Consciously and unreasonably failing to investigate all bases upon which to pay

3   and honor Plaintiff's claim for benefits and consciously and unreasonably failing to investigate all

4   bases to support coverage;

5         E.   Consciously and unreasonably delaying, refusing, and continuing to refuse to

6   pay Plaintiff benefits properly payable under the Policy and to deprive Plaintiff of his rightful benefits

7   with the knowledge that said delays and denials were and are wrongful and contrary to their

8   obligations under their Policy and the law;

9         F.   Consciously and unreasonably failing to investigate Plaintiff's claim fairly and

10  in good faith and refusing to give Plaintiff's interests at least as much consideration as they gave their

11  own;

12        G.   Consciously and unreasonably failing to adopt and implement reasonable or

13  proper standards applicable to the prompt and fair investigation of processing of Plaintiff's claim

14  under the Policy;

15        H.   Consciously and unreasonably failing to attempt in good faith to effectuate a

16  prompt, fair and equitable settlement of Plaintiff's claim even though liability therefor was and is

17  reasonably clear;

18        I.   Consciously and unreasonably refusing to pay Plaintiff's claim with the

19  knowledge that Plaintiff's claim is payable and with the intent of saving them money at Plaintiff's

20  expense;

21        J.   Consciously and unreasonably adopting a position and interpretation of "Total

22  Disability" and "Residual Disability" under the Policy which it knew to be improper and with the

23  express purpose of trying to avoid liability for payment of full benefits;

24        K.   Consciously and unreasonably interpreting information available to it in such a

25  way as would justify termination of benefits even though Defendants knew that such interpretation

26  was contrary to the facts and was wrongful; and

27        L.   Consciously and unreasonably failing to comply with the terms and provisions

28  of the California Settlement Agreement in order to continue a pattern and practice of improper claims

-8-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING; and WRIT OF MANDAMUS

EXHIBIT 1

24

1    handling tactics.

2        36.    Said conduct of Defendants, and each of them, included unfair or deceptive acts or

3    practices or unfair methods of competition as part of a pattern and practice of improper claims

4    administration.

5        37.    As a proximate result of Defendants' actions, Plaintiff has been damaged as set forth in

6    Paragraphs 23 through 25 above. Further, Plaintiff seeks punitive damages from the Defendants, and

7    each of them, as set forth in Paragraph 26 above.

8

9    **THIRD CAUSE OF ACTION**

10   **Writ of Mandamus**
**(against JONES as COMMISSIONER OF THE CALIFORNIA
DEPARTMENT OF INSURANCE and Does 11-20)**

11

12       38.    Plaintiff realleges and incorporates by reference herein, Paragraphs 1 through 22 of this

13   Complaint as though fully set forth herein.

14       39.    The California Department of Insurance (hereinafter "DOI") is a governmental agency

15   unit of the State of California, and operates independently under the control of an elected Insurance

16   Commissioner (hereinafter "COMMISSIONER") pursuant to Insurance Code § 12906. The

17   COMMISSIONER is presently DAVE JONES. The DOI is required by Insurance Code § 12905 to

18   maintain their offices in San Francisco and the DOI and COMMISSIONER do so.

19       40.    The COMMISSIONER must review and approve all disability insurance policies for

20   sale, issuance or delivery in California pursuant to Insurance Code §§ 10290, and 10291.5. The

21   COMMISSIONER is required to rigorously apply standards in order to "prevent, in respect to

22   disability insurance, fraud, unfair trade practices and insurance economically unsound to the insured."

23   §10291.5(a)(1). Further, the COMMISSIONER is prohibited by law from approving any disability

24   policy which is uncertain, ambiguous or likely to mislead a person to whom the policy is offered,

25   delivered or issued. § 10291.5(b)(1).

26       41.    The COMMISSIONER is also prohibited from approving any disability policy where

27   the benefits of the policy are not sufficient to be of any real economic value to the insured. §

28   10291.5(b)(7).

-9-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING; and WRIT OF MANDAMUS

EXHIBIT 1
25

42.     The COMMISSIONER is further prohibited from approving any disability policy which fails to conform in any respect with any law of this state. § 10291.5(b)(13). This duty is mandatory, and operates independently of and/or in addition to § 10390's requirement that disability policies be construed to conform with the Insurance Code even if they include less favorable provisions.

43.     Insurance Code § 12921 mandates that "The COMMISSIONER shall perform all duties imposed upon him by provisions of this Code and other laws regulating the business of insurance in this State, and shall enforce the execution of such provisions and laws." Section 12926 mandates that "The COMMISSIONER shall require from every insurer a full compliance with all provisions of [the Insurance] Code." Further, § 12940 provides that "The acts and orders of the COMMISSIONER are subject to such review, or other action by a court of competent jurisdiction, as is permitted or authorized by law."

44.     On information and belief, Plaintiff alleges that the COMMISSIONER and the DOI failed to review the policy forms comprising the Policy under which Plaintiff was insured before approving them. The COMMISSIONER and the DOI thus failed to review the Policy to determine whether it complies with the requirements of the Insurance Code. Their approval of such forms violated their mandatory duties under California law as discussed herein, and constituted an abuse of discretion. The forms failed to contain mandatory minimum requirements of the Insurance Code with respect to policy definitions of disability and contain "proof of claim" provisions that are at variance with and less favorable to their insureds than required by California law.

45.     In particular, the Policy purports to condition payment of total disability benefits without regard to whether the insured is able to perform the substantial and material duties of his own occupation *with reasonable continuity* and *in the usual and customary way*. In determining disability under an own occupation analysis, California law requires insurers to take into consideration an insured's ability to work in his or her usual occupation with reasonable continuity in the usual and customary way. The Policy purports to allow the UNUM Defendants to omit any consideration as to the insured's ability to perform the occupation with reasonable continuity in the usual and customary way when determining whether an insured is totally disabled, and, when making its disability

-10-
COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING; and WRIT OF MANDAMUS

EXHIBIT 1

26

1  determination, the UNUM Defendants failed and refused to consider such factors.  Lack of clarity

2  between the "Total Disability" and "Residual Disability" provisions contained in the subject Policy

3  and forms are hopelessly vague and ambiguous and failed to comply with §§ 10291.5(b)(1),

4  10291.5(b)(7) and 10291.5(b)(13), but the COMMISSIONER nevertheless approved such Policy and

5  forms.

6          46.     The Policy further purports to contain a Proof of Claim provision, which the UNUM

7  Defendants contend requires submission of contemporaneous records in order for disability to be

8  established and benefits to become payable.  Such a provision allows an insurer to withhold all

9  benefits to a plainly disabled insured, even where, as here, the disability is established by certifications

10  and statements of total disability by treating physicians and subsequent examinations and testing.

11  Accordingly, the subject Policy failed to comply with California law, and in particular §§

12  10291.5(b)(1), 10291.5(b)(7) and 10291.5(b)(13), but the COMMISSIONER nevertheless approved

13  such Policy.

14          47.     On information and belief, Plaintiff alleges that the COMMISSIONER and DOI have

15  failed to perform the duties imposed upon the COMMISSIONER to require compliance with the

16  California Insurance Code, including but not limited to §§790.03(h) and 10291.5, as well as the Fair

17  Claims Settlement Practices Regulations.  The acts and omissions of the COMMISSIONER and DOI

18  have contributed to Defendants' ability to perpetuate the unlawful, fraudulent and other wrongful acts

19  alleged herein.

20          48.     By this action, Plaintiff seeks, in addition to all other remedies sought herein, an order

21  from this Court mandating that the COMMISSIONER and DOI perform the duties imposed upon

22  them by law, as described hereinabove, and take corrective action as is reasonably necessary to

23  respond to the fraudulent and unlawful conduct of Defendants, including but not limited to, review

24  and correction of Defendants' insurance policy forms to conform to California law.  In particular,

25  Plaintiff seeks a writ of mandate compelling the COMMISSIONER to review and withdraw and/or

26  revoke approval of the Policy and forms, either entirely or insofar as their provisions violate §§

27  10291.5(b)(1), 10291.5(b)(7) and 10291.5(b)(13) as described above.

28          WHEREFORE, Plaintiff prays as follows:

-11-

COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING; and WRIT OF MANDAMUS

EXHIBIT 1

27

<u>AS TO THE FIRST AND SECOND CAUSES OF ACTION</u>

1.      For damages according to proof;

2.      For general damages according to proof;

3.      For exemplary damages according to proof;

4.      For attorneys' fees and costs as sued herein; and

5.      For such other and further relief as the Court may find appropriate.

<u>AS TO THE THIRD CAUSE OF ACTION</u>

6.      A Writ mandating that the COMMISSIONER and DOI perform the duties imposed upon them by law, including corrective action with respect to the subject Policy and policy forms at issue herein, and in particular, a writ of mandate compelling the COMMISSIONER to review the Policy to determine compliance with the Insurance Code, and to withdraw and/or revoke approval of the Policy and forms, either entirely or insofar as their provisions violate §§ 10291.5(b)(1), 10291.5(b)(7) and 10291.5(b)(13).

7.      For such other and further relief as the Court may find appropriate.

**JURY TRIAL IS HEREBY DEMANDED**

Dated: October 9, 2014               PILLSBURY & COLEMAN, LLP

By: _____
Terrence J. Coleman
Ryan H. Opgenorth
Attorneys for Plaintiff,
ROSE MAGNO, D.D.S.

-12-
COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVENANT OF GOOD FAITH AND
FAIR DEALING; and WRIT OF MANDAMUS

**EXHIBIT 1**
**28**

CASE NUMBER: CGC-14-542125  ROSE MAGNO DDS VS. UNUM GROUP

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **MAR-11-2015** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610**<br>**400 McAllister Street**<br>**San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.10.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
**(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

EXHIBIT 1

 **Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Program Information Package** 

> The plaintiff must serve a copy of the ADR Information package
> on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA  94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

ADR- 1  12/22 (ja)                          Page 1

**EXHIBIT 1**
**30**

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management.

ADR-1  12/22 (ja)                              Page 2

EXHIBIT 1

31

Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3)  ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF COMPLETED STIPULATIONS TO BASF.

ADR- 1  12/22 (ja)                              Page 3

**EXHIBIT 1**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br><br>DEPARTMENT 610 |

1)  The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐   **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐   **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐   **Other ADR process (describe)** _____

2)   The parties agree that the ADR Process shall be completed by (date): _____

3)   Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| | |
|---|---|
| Name of Party Stipulating | Name of Party Stipulating |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐   *Additional signature(s) attached*

ADR-2  04/14          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

**EXHIBIT 1**

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                  FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)   ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:                    Time:                    Dept.:               Div.:                Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone,  by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in  ☐ complaint   ☐ cross-complaint   *(Describe, including causes of action)*:

**CASE MANAGEMENT STATEMENT**

**EXHIBIT 1**

**34**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
☐ Additional representation is described in Attachment 8.
f.  Fax number:
g.  Party represented:

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b.  Referral to judicial arbitration or civil action mediation (if available).
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**EXHIBIT 1**

**35**

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
  ☐ Bankruptcy ☐ Other *(specify)*:
  Status:

**13. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**
  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

  c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

**CASE MANAGEMENT STATEMENT**

**EXHIBIT 1**
**36**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____      ► _____

(TYPE OR PRINT NAME)                                               (SIGNATURE OF PARTY OR ATTORNEY)

_____      ► _____

(TYPE OR PRINT NAME)                                               (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**EXHIBIT 1**
**37**

## QUALITY          EXPERIENCE          TRUST

### WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

### WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

### HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website at www.sfbar.org/mediation provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is always available to assist you with selection or to answer questions.

### HOW MUCH DOES THE SERVICE COST?

A $295 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

### HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

### WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

### HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

### WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

### OUR CASE IS FILED IN COURT. HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

### WE ARE ON A DEADLINE. HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

### WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

### MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.

WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600

EXHIBIT 1

38

# MEDIATION SERVICES

Voted one of the "Top ADR Providers" in The Recorder's "Best of the Bay Area"

## TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

*George Yúhas, Esq.*
*Orrick, Herrington & Sutcliffe LLP*

"We had an excellent experience and, after 8½ hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

*Robert Charles Friese, Esq.*
*Shartsis Friese LLP*

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

*Leslie Caplan*
*Global Warming Campaign Manager*
*Bluewater Network*

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"

*Mark Abelson, Esq.*
*Campognoli, Abelson & Campagnoli*

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

*Denise A. Leadbetter, Esq.*
*Zacks, Utrecht & Leadbetter*

Experienced mediators are available in the following areas

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Family-Certified Specialists
Fee Disputes
Financial
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
LGBT Issues
Malpractice: Legal-Medical-Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
Women's Issues
And more...



PROCEDURES, PODCASTS, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:
www.sfbar.org/mediation

adr@sfbar.org or
415-982-1600



THE BAR ASSOCIATION OF
SAN FRANCISCO

EXHIBIT 1
39